```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


ALLAM ETBELEH and CORA ETBELEH,   §
                                  §
          Plaintiffs,             §
                                  §
v.                                §    CIVIL ACTION NO. H-06-0023
                                  §
MICHAEL CHERTOFF, ALBERTO         §
GONZALES, and DISTRICT            §
DIRECTOR, U.S. CITIZENSHIP        §
AND IMMIGRATION SERVICES,         §
                                  §
          Defendants.             §
```

MEMORANDUM AND ORDER

Pending is Defendants Michael Chertoff, Alberto Gonzales, and the District Director of the U.S. Citizenship and Immigration Services' Motion to Dismiss Petitioners' Complaint for Declaratory Judgment (Document No. 10).[1]  After carefully considering the motion, responses, replies, rejoinder, and the applicable law, the Court concludes that the motion should be granted.

---

[1] The motion originally sought dismissal based on mootness, and Plaintiffs' failure to exhaust remedies, but Defendants withdrew those arguments after the Board of Immigration Appeals issued further decisions.  Defendants now argue that the REAL ID Act amendments to 8 U.S.C. § 1252(a)(2)(b) deprive this Court of jurisdiction over Plaintiffs' challenge in this case to a discretionary decision of the Secretary of Homeland Security to revoke a prior approval of a visa petition.

I. Background

Plaintiffs allege a wrongful revocation of a previously approved Form I-130 immigrant visa petition that was filed by Plaintiff Cora Etbeleh ("Mrs. Etbeleh") on behalf of her husband, Plaintiff Allam Etbeleh ("Mr. Etbeleh"). Mr. Etbeleh, who is a Palestinian native, entered the United States as a non-immigrant visitor in September, 1996, and he has since remained here seeking lawful permanent resident ("LPR") status based upon two subsequent marriages to United States citizens. *See* Document No. 1 ¶ 3. Mr. Etbeleh first married United States citizen Laura Buchanan ("Buchanan"). In 1996, Buchanan filed a Form I-130 immigrant visa petition with Defendant U.S. Citizenship and Immigration Services ("USCIS") on behalf of Mr. Etbeleh. *See* id. ¶ 10. Concurrently, Mr. Etbeleh filed an application for adjustment to LPR status. An interview was scheduled for two years later, in November, 1998. Id. Plaintiffs allege that Mr. Etbeleh's relationship with Buchanan became strained during those two years, and the couple separated the month before the scheduled interview. *See* id. Buchanan subsequently withdrew the visa petition, the USCIS denied Mr. Etbeleh's adjustment of status application, and removal proceedings began thereafter.

Mr. Etbeleh divorced Buchanan and married Cora Etbeleh. In June, 1999, Mrs. Etbeleh filed a Form I-130 visa petition on behalf of Mr. Etbeleh. *See* id. ¶ 11. In June, 2000, the USCIS issued a

2

Notice of Intent to Deny ("NOID") the visa petition on the grounds that the beneficiary had previously engaged in marriage fraud, which is a statutory bar to approval of a subsequent visa petition pursuant to 8 U.S.C. § 1154(c).  *See* id. ¶ 12.  In September, 2000, after no response was received to the NOID, the visa petition was denied.  Id.  Plaintiffs allege that they immediately appealed the decision to the Board of Immigration Appeals (the "BIA"), but due to no fault of their own the appeal was not perfected.

In October, 2000, Mrs. Etbeleh again filed a visa petition on behalf of Mr. Etbeleh, and it was approved by the Texas Service Center in July, 2001.  In November, 2001, the USCIS issued a Notice of Intent to Revoke the approved visa petition based on the statutory bar in 8 U.S.C. § 1154(c).  Mrs. Etbeleh was given 30 days to respond, and she filed a rebuttal memorandum and supporting documentation with the USCIS.  In March, 2005, the USCIS revoked the previously approved Form I-130 visa petition, on grounds that Mr. Etbeleh's prior marriage to Buchanan was entered into for the purpose of evading the immigration laws, in contravention of 8 U.S.C. § 1154(c).  *See* id.; Document No. 14 ex. 1 at 1.[2]  In

---

[2] Plaintiffs allege that the "*only* reason given for revocation is the statement [Buchanan] signed when she withdrew the petition on [Mr. Etbeleh]'s behalf."  *See* Document No. 1 ¶ 16.  It is undisputed that Buchanan stated, "[I] married my husband Allam Etbeleh because I believed he loved me.  I have since found out he married me to obtain his legal resident status.  He has offered me $2,000.00 to appear with him today for the INS interview.  I agreed to come to the interview solely to expose his fraud intent [sic] based on his marriage to me.  We are separated since Oct. 28,

June, 2006, the BIA affirmed this decision. *See* Document No. 14 ex. 1 at 3. In their complaint for declaratory judgment, Plaintiffs seek to vacate the BIA's judgment and reinstate the previous approval of the visa petition. *See* Document No. 1 at 10-11. Defendants now move to dismiss the complaint for lack of jurisdiction, arguing that 8 U.S.C. § 1252(a)(2)(B)(ii) precludes this Court's review of the USCIS's decision to revoke its prior approval of the visa petition, which was a discretionary decision.

## II.  Discussion

The Court must first determine if it has jurisdiction over Plaintiffs' complaint. *See* E. Carpet House v. Dep't of Homeland Sec., 430 F. Supp. 2d 672, 674 (S.D. Tex. 2006). When analyzing the Court's jurisdiction to review an administrative decision to revoke a visa, "the starting point for our discussion is found in the text of 8 U.S.C. § 1252(a)(2)(B)(ii)." Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 199 (3d Cir. 2006). Section 1252(a)(2)(B)(ii) proscribes judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of

---

1998." *See* id.; Document No. 13 at 2 ¶ 2. Plaintiffs contend that the USCIS and the BIA have ignored "voluminous" rebuttal evidence, and "no reasonable adjudicator could possibly find by 'substantial and probative evidence' that Mr. ETBELEH's marriage to [Buchanan] was a 'sham.'" *See* Document No. 1 ¶¶ 18, 20(b).

4

Homeland Security, other than the granting of relief under section 1158(a)."  8 U.S.C. § 1252(a)(2)(B)(ii).  Thus, pursuant to § 1252(a)(2)(B)(ii), a court must examine "the statute setting forth the nature of the administrative discretion granted."  *See* Jilin, 447 F.3d at 199-200.  In determining whether the statute in question "specifie[s]" the necessary discretion, the Court should examine the statute as a whole.  *See* id. at 200 (quoting Soltane v. U.S. Dep't of Justice, 381 F.3d 143, 146-47 (3d Cir. 2004)).  *See also* Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005) (noting that § 1252(a)(2)(B)(ii) "strips us only of jurisdiction to review discretionary authority *specified in the statute*.")

Defendants' authority to revoke a previously approved visa petition lies in 8 U.S.C. § 1155, which provides in pertinent part:

> The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title.

8 U.S.C. § 1155.  Two Courts of Appeals have persuasively held that § 1155 "plainly signifies a discretionary decision," thereby barring judicial review.  *See* El-Khader v. Monica, 366 F.3d 562, 567, 569 (7th Cir. 2004) (holding that the court "lacked jurisdiction to review the Attorney General's discretionary decision to revoke the plaintiff's approved visa petition."); Jilin, 447 F.3d at 199-200, 206 (same); *but see* ANA Intern., Inc. v. Way, 393 F.3d 886 (9th Cir. 2004).  In Jilin, the Third Circuit

5

found that § 1155 conferred upon the Secretary the requisite to preclude judicial review because: (a) the statute states the Secretary of Homeland Security "may" (rather than "shall") revoke approval of a visa petition; (b) the statute states that approval may be revoked "at any time," which is language that "connotes a level of discretion;" (c) the only arguable limit on discretion--the requirement of "good and sufficient cause"--was itself committed to the Secretary's discretion; and (d) the "cause" requirement, which petitioners asserted limited discretion, was "so subjective as to provide no meaningful legal standard."  *See* Jilin, 447 F.3d at 203-05; Alaka v. Att'y Gen. of U.S., -- F.3d --, 2006 WL 1994500, at *6 (3d Cir. 2006).  *See also* E. Carpet House, 430 F. Supp. 2d at 675 (noting that "[t]he court does not read Zhao as requiring the magic word 'discretion' to appear for the jurisdiction stripping statute to apply.").

Plaintiffs argue that Defendants' revocation decision under § 1155 was not discretionary because 8 U.S.C. § 1154(b) *requires* Defendants to approve a visa petition if certain statutory requirements are met.  As such, Plaintiffs assert, "Defendants could not, for example, find that the statutory requirements are met and still legally deny the petition as an act of discretion." *See* Document No. 18 at 8.  However, Plaintiffs do not challenge the *denial* of a visa application, but rather the *revocation* of a visa petition already granted, and a comparison of the statutory

6

language in §§ 1154(b) and 1155 reveals a distinction in the quanta of discretion conferred upon the respective decision makers under each statute. *Compare* 8 U.S.C. § 1154(b) ("After an investigation of the facts . . . the Attorney General *shall*, if he determines that the facts stated in the petition are true . . . approve the petition . . .") (emphasis added), *with* 8 U.S.C. § 1155 ("The Secretary of Homeland Security *may*, *at any time*, *for what he deems* to be good and sufficient cause, revoke the approval of any petition . . .") (emphasis added). *Cf.* Jilin, 447 F.3d at 197, 205 n.11 (distinguishing between the amount of discretion involved in the *denial* of a visa application under 8 U.S.C. § 1153(b)(4) and the *revocation* of a visa already granted under § 1155).[3] Consistent with the holdings in Jilin and El-Khader, "the decision to revoke an approved visa petition . . . is left to the discretion of the Secretary of Homeland Security." *See* Jilin, 447 F.3d at

---

[3] The appellants in Jilin also unsuccessfully argued the "inequitable result" of allowing judicial review of visa petition *denials* but not *revocations*. The Court acknowledged the incongruity but observed that "it is the system Congress has created and 'we cannot legislate to correct it.'" Jilin, 447 F.3d at 205, n. 11, *quoting* NVU Inc. v. Dept. of Health and Human Servs., 436 F.3d 182, 194 (3rd Cir. 2006). The court also observed that at least since enactment of IIRIRA Congress has acted to protect the Executive's discretion from the courts and to expand administrative discretion, concluding that "there is ample reason to believe that Congress could have intended to bolster the discretion of the Secretary of Homeland Security to revoke approval of petitions, even if it did so in a strange or roundabout way." *See* id.

205. Accordingly, pursuant to § 1252(a)(2)(B)(ii), the Court is without jurisdiction to review this administrative decision.

Plaintiffs also assert that their Fifth Amendment due process rights have been violated by their inability to confront and cross examine Buchanan regarding her controverted, out-of-court statement, and "all of the actions taken against Plaintiffs are entirely based upon this one, unsupported statement from 'a woman scorned.'" *See* Document No. 18 at 11-12.  Plaintiffs contend that the Court has jurisdiction to review these claims pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702.  *See* id. at 4.  However, in Jilin, the court held:

> The jurisdiction granted by 28 U.S.C. §§ 1331 & 2201 and 5 U.S.C. § 702 to review constitutional questions is immediately precluded by the opening words of 8 U.S.C. 1252(a)(2)(B), which states that "[*n*]*otwithstanding any other provision of law*, . . . no court shall have jurisdiction to review . . . decision[s] . . . specified in this subchapter to be in the discretion of the . . . Attorney General or the Secretary of Homeland Security."

*See* Jilin, 447 F.3d at 206 (emphasis in original).  Thus, the court found that it lacked jurisdiction to review appellants' Fifth Amendment due process claims related to the revocation decision because "evaluating these constitutional claims requires us to revisit and review the Attorney General's exercise of discretion made pursuant to 8 U.S.C. § 1155." Id. at 205-06.  Accordingly, because the Court lacks jurisdiction to review Plaintiffs'

constitutional claims regarding the § 1155 revocation decision, these claims will be dismissed.

### III. Order

Accordingly, it is

ORDERED that Defendants' Motion to Dismiss Petitioners' Complaint for Declaratory Judgment (Document No. 10) is GRANTED, and Plaintiffs Allam and Cora Etbeleh's claims are DISMISSED for lack of jurisdiction.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 8th day of August, 2006.

					_____
					EWING WERLEIN, JR.
					UNITED STATES DISTRICT JUDGE